# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 15-1208V
Filed: October 18, 2017
UNPUBLISHED

| | |
|---|---|
| SONDRA RITCHIE-COPPLER, <br><br> Petitioner, <br> v. <br><br> SECRETARY OF HEALTH AND HUMAN SERVICES, <br><br> Respondent. | Special Processing Unit (SPU); <br> Attorneys' Fees and Costs |

*Leonard C. Herr, Jr.,* Herr, Pedersen & Berglund, LLP, Visalia, CA, for petitioner.
*Lisa Ann Watts,* U.S. Department of Justice, Washington, DC, for respondent.

## DECISION ON ATTORNEYS' FEES AND COSTS[1]

**Dorsey,** Chief Special Master:

On October 15, 2015, Sondra Ritchie-Coppler ("petitioner") filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.,*[2] (the "Vaccine Act"). Petitioner alleged that she suffered left shoulder injuries, including rotator cuff tear and adhesive capsulitis, as a result of an influenza ("flu") vaccine she received on October 18, 2012. On February 9, 2017, the undersigned issued a decision awarding compensation to petitioner based on the parties' joint stipulation. (ECF No. 39.)

---

[1] Because this unpublished decision contains a reasoned explanation for the action in this case, the undersigned intends to post it on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

I.   **Procedural History**

On August 8, 2017, petitioner filed a motion for attorneys' fees and costs.  (ECF No. 43.)   Petitioner requests attorneys' fees in the amount of $20,208.19, and attorneys' costs in the amount of $37.44.  (*Id.* at 2.)  Additionally, in compliance with General Order #9, petitioner filed a signed statement indicating that she incurred $900.00, in out-of-pocket expenses. Thus, the total amount requested is $21,145.63.

On August 9, 2017, respondent filed a response to petitioner's motion.  (ECF No. 44.)   Respondent argues that "[n]either the Vaccine Act nor Vaccine Rule 13 contemplates any role for respondent in the resolution of a request by a petitioner for an award of attorneys' fees and costs." *Id.* at 1.  Respondent adds, however, that he "is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case." *Id.* at 2.  Respondent "respectfully recommends that the Chief Special Master exercise her discretion and determine a reasonable award for attorneys' fees and costs." *Id.* at 3.

II.   **Discussion**

Under the Vaccine Act, the special master shall award reasonable attorney's fees and costs for any petition that results in an award of compensation.  42 U.S.C. § 300aa-15(e)(1).  Petitioner in this case was awarded compensation; she is therefore entitled to an award of reasonable attorney's fees and costs.

   a. **Reasonable Attorney's Fees**

The Federal Circuit has approved use of the lodestar approach to determine reasonable attorney's fees and costs under the Vaccine Act.  *Avera v. Sec'y of Health & Human Servs.*, 515 F.3d 1343, 1349 (Fed. Cir. 2008).  Using the lodestar approach, a court first determines "an initial estimate of a reasonable attorney's fee by 'multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate.'"  *Id.* at 1347-58 (quoting *Blum v. Stenson*, 465 U.S. 886, 888 (1984)).  Then, the court may make an upward or downward departure from the initial calculation of the fee award based on other specific findings.  *Id.* at 1348.

Counsel must submit fee requests that include contemporaneous and specific billing records indicating the service performed, the number of hours expended on the service, and the name of the person performing the service.  *See Savin v. Sec'y of Health & Human Servs.*, 85 Fed. Cl. 313, 316-18 (2008).  Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary." *Saxton v. Sec'y of Health & Human Servs.*, 3 F.3d 1517, 1521 (Fed. Cir. 1993) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)).  It is "well within the special master's discretion to reduce the hours to a number that, in [her] experience and judgment, [is] reasonable for the work done."  *Id.* at 1522.  Furthermore, the special master may reduce a fee request *sua sponte*, apart from objections raised by respondent and

without providing a petitioner notice and opportunity to respond.  *See Sabella v. Sec'y of Health & Human Servs.*, 86 Fed. Cl. 201, 209 (2009).  A special master need not engaged in a line-by-line analysis of petitioner's fee application when reducing fees.  *Broekelschen v. Sec'y of Health & Human Servs.*, 102 Fed. Cl. 719, 729 (2011).

### i. Non-Compensable Entries

The undersigned has reviewed the billing records submitted with petitioner's fee application.  Certain items billed by petitioner are generally not compensated in the Vaccine Program.  For example, time spent learning the Vaccine Program and applicable law is not compensable.  *See, e.g. Matthews v. Sec'y of Health & Human Servs.*, No. 14–1111V, 2016 WL 2853910, at *2 (Fed. Cl. Spec. Mstr. Apr. 18, 2016); *Calise v. Sec'y of Health & Human Servs.,* No. 08–865V, 2011 WL 2444810, at *5 (Fed. Cl. Spec. Mstr. June 13, 2011) (reducing petitioner's counsel's billings for "research into the elementary principles of vaccine litigation," noting, "basic education [is] not compensable under the Program."); *Carter v. Sec'y of Health and Human Servs.*, No. 04-1500, 2007 WL 2241877, at *5 (Fed. Cl. Spec. Mstr. July 13, 2007)("an inexperienced attorney may not ethically bill his client to learn about an area of the law in which he is unfamiliar. If an attorney may not bill his client for this task, the attorney may also not bill the Program for this task.").

Likewise, neither is time related to seeking admission to the U.S. Court of Federal Claims compensable.  *See, e.g. Oswalt v. Sec'y of Health & Human Servs.,* No. 03–2153, 2011 WL 2149932 (Fed. Cl. Spec. Mstr. May 2, 2011)(denying fees for time spent preparing application for admission to the bar of the U.S. Court of Federal Claims); *Ceballos v. Sec'y of Health & Human Servs.*, No. 99–97V, 2004 WL 784910 (Fed. Cl. Spec. Mstr. Mar. 25, 2004) (the admission fee for the U.S. Court of Federal Claims bar is not recoverable); *Velting v. Sec'y of Health & Human Servs.*, No. 90–1432V, 1996 WL 937626 (Fed. Cl. Spec. Mstr. Sept. 24, 1996)(denying compensation for hours spent obtaining admission to the bar, even where admission was sought specifically for that case and counsel was unlikely to again utilize the admission).  Ms. Curtiss billed 0.25 hours ($27.50) on September 30, 2015 for time researching the California Supreme Court website and for instructions to obtain a certificate of standing.  She also billed 1.65 hours ($181.50) on October 7, 2015 to "[r]esearch Court of Claims Rules of Court; research requirements for court admission…"  These items will not be compensated.  This results in a deduction of $209.00.

### ii. Hourly Rates

#### 1. Leonard Herr

Petitioner requests compensation for her attorney, Mr. Herr, at a rate of $225 per hour for time billed from 2015-2017.  Mr. Herr has been a licensed attorney in the State of California since 1978.  He has an extensive civil practice at the trial and appellate level in state and federal courts throughout California.  He has also served on the Board

of Governors of the State Bar of California as well as a number of State Bar Committees and organizations. *See* Affidavit of Leonard Herr at 1-3. (ECF No. 43-2, Exhibit 1). The undersigned finds Mr. Herr's requested rate to be reasonable.

### 2. Caren L. Curtiss

Petitioner requests compensation for her attorney, Caren L. Curtiss, at a rate of $175 per hour. Ms. Curtiss was admitted to the State Bar of California in November 2016. Prior to becoming an attorney and over the course of the last 20 years, Ms. Curtiss was employed by the law firm of Herr Pedersen & Berglund in the capacity of an American Bar Association Certified Paralegal focusing primarily on civil litigation. *See* Affidavit of Caren L. Curtiss at 1-2. (ECF No. 43-2, Exhibit 2). The undersigned finds Ms. Curtiss's requested rate to be reasonable.

### 3. Paralegals

Petitioner requests compensation for the timed billed by the paralegals in this case. Paralegals at the law firm of Herr Pedersen & Berglund bill between $100-$110 per hour depending on the experience and certifications held by the paralegal. The undersigned the paralegal rates to be reasonable.

The undersigned finds all of the rates requested by the attorneys and paralegals to be reasonable and will award them herein.

### i. Reduction of Billable Hours

Special masters have the authority to award "reasonable" attorney's fees and litigation costs in Vaccine Act cases. §300aa–15(e)(1). This is true even when a petitioner is unsuccessful on the merits of the case, if the petition was filed in good faith and with a reasonable basis. *Id.* "The determination of the amount of reasonable attorney's fees is within the special master's discretion." *Saxton v. Sec'y of Health & Human Servs.,* 3 F.3d 1517, 1520 (Fed. Cir. 1993); *see also Shaw v. Sec'y of Health & Human Servs.,* 609 F.3d 1372, 1377 (Fed. Cir. 2010).

Further, as to all aspects of a claim for attorney's fees and costs, the burden is on the *petitioner* to demonstrate that the attorney's fees claimed are "reasonable." *Sabella v. Sec'y of Health & Humans Servs.,* 86 Fed. Cl. 201, 215 (2009); *Hensley v. Eckerhart,* 461 U.S. 424, 437 (1983); *Rupert v. Sec'y of Health & Human Servs.,* 52 Fed. Cl. 684, 686 (2002); *Wilcox v. Sec'y of Health & Human Servs.,* No. 90–991V, 1997 WL 101572, at *4 (Fed. Cl. Spec. Mstr. Feb. 14, 1997). The petitioner's burden of proof to demonstrate "reasonableness" applies equally to *costs* as well as attorney's fees. *Perreira v. Sec'y of Health & Human Servs.,* 27 Fed. Cl. 29, 34 (1992), *aff'd,* 33 F.3d 1375 (Fed. Cir. 1994).

One test of the "reasonableness" of a fee or cost item is whether a hypothetical petitioner, who had to use his own resources to pay his attorney for Vaccine Act representation, would be willing to pay for such expenditure. *Riggins v. Sec'y of Health & Human Servs.,* No. 99–382V, 2009 WL 3319818, at *3 (Fed. Cl. Spec. Mstr. June 15, 2009), *aff'd by unpublished order* (Fed. Cl. Dec. 10, 2009), *aff'd,* 406 Fed. App'x. 479 (Fed. Cir. 2011); *Sabella v. Sec'y of Health & Human Servs.,* No. 02–1627V, 2008 WL 4426040, at *28 (Fed. Cl. Spec. Mstr. Aug. 29, 2008), *aff'd in part and rev'd in part,* 86 Fed. Cl. 201 (2009). In this regard, the United States Court of Appeals for the Federal Circuit has noted that:

> [i]n the private sector, 'billing judgment' is an important component in fee setting. It is no less important here. Hours that are not properly billed to one's *client* also are not properly billed to one's *adversary* pursuant to statutory authority.

*Saxton*, 3 F.3d at 1521 (emphasis in original) (quoting *Hensley*, 461 U.S. at 433–34). Therefore in assessing the number of hours reasonably expended by an attorney, the court must exclude those "hours that are excessive, redundant, or otherwise unnecessary, just as a lawyer in private practice ethically is obligated to exclude such hours from his fee submission." *Hensley*, 461 U.S. at 434; *see also Riggins*, 2009 WL 3319818, at *4.

The Federal Circuit has also made clear that special masters may rely on their prior experience in making reasonable fee determinations, without conducting a line-by-line analysis of the fee bill, and are not required to rely on specific objections raised by respondent. *See Saxton*, 3 F.3d at 1521; *Sabella*, 86 Fed. Cl. 201, 209 (2009); *see also Wasson v. Sec'y of Health & Human Servs.*, 24 Cl. Ct. 482, 484, 486 (1991), *aff'd*, 988 F.2d 131 (Fed. Cir. 1993) (holding that, in determining a reasonable number of hours expended in any given case, a special master may rely on her experience with the Vaccine Act and its attorneys, without basing her decision on a line-by-line examination of the fee application). A unanimous Supreme Court has articulated a similar holding:

> We emphasize, as we have before, that the determination of fees "should not result in a second major litigation." The fee applicant (whether a plaintiff or a defendant) must, of course, submit appropriate documentation to meet "the burden of establishing entitlement to an award." But trial courts need not, and indeed should not, become green-eyeshade accountants. The essential goal in shifting fees (to either party) is to do rough justice, not to achieve auditing perfection. So trial courts may take into account their overall sense of a suit, and may use estimates in calculating and allocating an attorney's time. And appellate courts must give substantial deference to these determinations, in light of "the district court's superior understanding of the litigation." We can hardly think of a sphere of judicial decisionmaking in which appellate micromanagement has less to recommend it. *Fox v. Vice*, 563 U.S. 826, 838 (2011) (internal citations omitted).

5

The undersigned finds that petitioner's award should be reduced for excessive billing.  The Vaccine Act provides broad discretion to special masters in determining a reasonable amount of fees and costs.  *See* § 15(e)(1).  While petitioner is entitled to an award of attorney's fees, the undersigned finds that the total number of hours billed by Mr. Herr, Ms. Curtiss and the paralegals to be excessive.  For example, upon review of all the records in this case, a total of 232 pages of petitioner's medical records were filed.  It appears that more than 37 hours were billed to review the 232 pages of records.[3]  These hours do not include the hours billed to draft the petition, affidavits, conduct legal research, interoffice meetings or conferences with the client.  In the undersigned's experience adjudicating similar types of SIRVA (shoulder injury related to vaccine administration) claims and reviewing the associated billing records of such SIRVA claims, the hours billed in this case are significantly higher.  Therefore, a reduction is appropriate.  The undersigned will reduce the overall amount billed by 10 percent, a reduction of $2,020.81.

### III.     Conclusion

The Vaccine Act permits an award of reasonable attorneys' fees and costs.  § 15(e).  Based on the reasonableness of petitioner's request and the adjustments made in this decision, the undersigned **GRANTS** petitioner's motion for attorneys' fees and costs as follows:

| | | |
|---|---|---|
| Requested attorneys' fees: | | $20,208.19 |
| Less reduction of non-compensable hours: | - | $   209.00 |
| Less 10% overall reduction: | - | $ 2,020.81 |
| Attorneys' Costs: | $ | 34.00 |
| **Total Attorneys' Fees and Costs Awarded:** | | **$18,012.38** |

---

[3] Because of block billing, it is difficult to parse out the exact time spent reviewing medical records.  However, the undersigned finds that a reduction is necessary.  Block billing, or billing large amounts of time without sufficient detail as to what tasks were performed, is clearly disfavored.  *Broekelschen v. Sec'y of Health & Human Servs.,* No. 07-137V*,* 2008 WL 5456319 at \*\*4–5 (Fed. Cl. Spec. Mstr. Dec. 17, 2008) (reducing petitioner's attorneys' fees and criticizing her for block billing); *see also Jeffries v. Sec'y of Health & Human Servs.*, 2006 WL 3903710, at *8 (Fed Cl. Spec. Mstr. Dec. 15, 2006); *Plott v. Sec'y of Health & Human Servs.*, 1997 WL 842543, at *fn. 2, 4 (Fed. Cl. Spec. Mstr. April 23, 1997).  Indeed, the Vaccine Program's *Guidelines for Practice* state, "Each task should have its own line entry indicating the amount of time spent on that task. Several tasks lumped together with one time entry frustrates the court's ability to assess the reasonableness of the request.

**Accordingly, the undersigned awards the total of $18,912.38,[4] as follows:**

- **A lump sum of $18,012.38, representing reimbursement for attorneys' fees and costs, in the form of a check payable jointly to petitioner and petitioner's counsel, Herr, Pedersen & Berglund, LLP; and**

- **A lump sum of $900.00, representing reimbursement for petitioner's costs, in the form of a check payable to petitioner.**

The clerk of the court shall enter judgment in accordance herewith.[5]

**IT IS SO ORDERED.**

                **s/Nora Beth Dorsey**
                Nora Beth Dorsey
                Chief Special Master

---

[4] This amount is intended to cover all legal expenses incurred in this matter. This award encompasses all charges by the attorney against a client, "advanced costs" as well as fees for legal services rendered. Furthermore, § 15(e)(3) prevents an attorney from charging or collecting fees (including costs) that would be in addition to the amount awarded herein. *See generally Beck v. Sec'y of Health & Human Servs.,* 924 F.2d 1029 (Fed. Cir.1991).

[5] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.

7